United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE BOARD OF TRUSTEES, in their capacities as Trustees of the LABORERS HEALTH AND WELFARE TRUST FUND FOR NORTHERN CALIFORNIA, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> PHILLIP R. DI PRIMA, *et al.*, <br><br> Defendants. <br>_____/ | No. C-08-5709 EMC <br><br><br> **ORDER RE SUPPLEMENTAL BRIEFING AND/OR EVIDENCE** <br><br> **(Docket No. 15)** |

      Plaintiff is the Board of Trustees for various employee benefit trust funds. It has moved for default judgment against Defendants Phillip R. Di Prima and Di Prima Excavation ("Excavation"). Having reviewed Plaintiff's papers and accompanying submissions, the Court hereby orders that Plaintiff provide supplemental briefing and/or evidence as described below.

1. Plaintiff claims that Defendants "became subject to all the terms and conditions of the Laborers Master Agreement by virtue of signing [the] Memorandum Agreement." Mot. at 2. However, the excerpt of the Memorandum Agreement provided by Plaintiff does not make clear that the Memorandum Agreement incorporated by reference the *substantive* terms of the Laborers Master Agreement. The excerpt supplied by Plaintiff indicates only that the Memorandum Agreement shall be in force until June 30, 2006, "and shall continue thereafter for the *term* of any future modifications, changes, amendments, supplements, extensions, or renewals of or to said Master Agreement which may be negotiated between the parties thereto unless either party to this Memorandum Agreement gives written notice . . . ." Docket No. 18 (Hagan Decl., Ex.

1  B) (Memorandum Agreement) (emphasis added).  Plaintiff shall provide a full and complete
2  copy of the Memorandum Agreement and further shall provide any and all evidence establishing
3  that the Memorandum Agreement incorporated by reference the substantive terms of the
4  Laborers Master Agreement.

5  2.  Plaintiff claims that unpaid contributions totaled $8,368.64.  *See* Docket No. 18 (Hagan Decl.,
6  Ex. D).  It appears that Plaintiff arrived at this figure based on the number of hours worked
7  (709.50) multiplied by the hourly contribution rates for the trust funds at issue ($11.33 for
8  January 2006 and $12.33 for November and December 2006).  Plaintiff shall provide evidence
9  (such as a declaration from the person who conducted the audit) that the number of hours
10 worked was 709.50 and that the combined rates for the trust funds at issue were $11.33 in
11 January 2006 and $12.33 for November and December 2006.

12 3.  Plaintiff asks to be compensated for interest in the amount of $4,129.83.  Plaintiff shall provide
13 the exact calculations to support this claimed interest.  Plaintiff shall also make clear through
14 what date the interest was calculated.

15 4.  Plaintiff asks to be compensated for costs in the amount of $906.84.  According to the Davis
16 declaration, $556.84 is attributable to the cost of service of process on not only Mr. Di Prima
17 and Excavation but also Auburn Gardening & Landscape and Gregory W. Terry.  *See* Docket
18 No. 17 (Davis Decl. ¶ 10).  Plaintiff shall explain why Defendants should have to pay for the
19 cost of service on Auburn and Mr. Terry; alternatively, Plaintiff shall explain what part of the
20 $556.84 is attributable to service on Mr. Di Prima and Excavation.

21  Supplemental papers shall be filed *and* served within two weeks of the date of this order.  A copy
22 of this order shall be served on Defendants within three days of the date of this order.

23  IT IS SO ORDERED.

25  Dated: June 16, 2009

_____
EDWARD M. CHEN
United States Magistrate Judge

2